UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 13-20933-BKC-PGH
IN RE:                                            Chapter 7 Proceeding

**COVIELLO, PAUL J.**

    Debtor.
_____/
**PAUL J. COVIELLO,**

    Plaintiff,
vs.                                               Adv.Proc.No.:

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF RVENUE,**

    Defendants.
_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY**
**PURSUANT TO 11 U.S.C. §523(a)(1) AND FOR**
**DECLARATORY JUDGMENT PURSUANT TO**
**BANKRUPTCY RULE 7001(9)**

    The Plaintiff, **Paul J. Coviello,** by and through undersigned counsel, hereby sues the Defendant, **COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF REVENUE**, pursuant to Bankruptcy Rule 7001 and states:

    1.    This is an adversary proceeding brought by **Paul J. Coviello,** to determine the dischargeability of debts pursuant to 11 U.S.C. §523(a)(1) and for a declaratory judgment pursuant to Bankruptcy Rule 7001(9).

−1−

2. This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§157 and 1334(b).

3. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §§157(b)(2)(A), (b)(2)(I) and (b)(2)(O).

4. This action was commenced by the filing of a voluntary Chapter 7 petition for **Paul J. Coviello**(hereinafter referred to as the "Debtor") on May 9, 2013, in Case No. 13-20933-PGH. **Nicole Testa Mehdipour** was the duly appointed and qualified Trustee in this Chapter 7 proceeding.

5. The Debtor filed his Schedules and Statement of Financial Affairs on May 23, 2013. The 11 U.S.C. § 341 First Meeting of Creditors was conducted on June 14, 2013.

6. The Defendant, **Commonwealth of Pennsylvania Department of Revenue** (hereinafter referred to as "Commonwealth") is a creditor of the Debtor and is properly before the jurisdiction of this Court. The Commonwealth of Pennsylvania Department of Revenue is not an individual and therefore is not a member of the United States military.

7. Venue of this proceeding is properly before this Court pursuant to 28 U.S.C. §1409.

8. Pursuant to the Debtor's Statement of Account, he is indebted to the Commonwealth for income taxes for the following years and amounts:

    (i) $13,386.94 for taxes for the year 2006;

    (ii) $5,701.92 for taxes for the year 2007;

    (iii) $13,690.11 for taxes for the year 2008

## COUNT I - DISCHARGEABILITY OF DEBTS

9. The Plaintiff realleges paragraphs 1 through 8 as if fully set forth herein.

10. The Plaintiff Schedules and Statement of Financial Affairs include the Commonwealth as a creditor in the following amounts:

  (i)  $13,386.94 for taxes for the year 2006;

  (ii)  $5,701.92 for taxes for the year 2007;

  (iii)  $13,690.11 for taxes for the year 2008

The actual amount due may be higher due to additional interest and penalties whereby the Plaintiff is seeking a determination that all such debts for those years have been discharged in their entirety.

  11.  The Commonwealth was given proper notice of the filing of the bankruptcy proceeding.

  12.  The Plaintiff would ask that the Court determine that the debts due to the Commonwealth are dischargeable debts. Although the debts are for taxes, they do not fall within the exceptions for non-dischargeable taxes set forth under 11 U.S.C. §523(a)(1).

  13.  To whatever extent deemed applicable, the taxes due are not priority taxes which would be an exception under 11 U.S.C. §523(a)(1)(A).

  14.  To whatever extent deemed applicable, the tax returns were filed for all of the tax years involved. Therefore, the exception pursuant to 11 U.S.C. §523(a)(1)(B) does not apply.

  15.  The Plaintiff did not make fraudulent returns, nor did the Plaintiff willfully attempt in any manner to evade or defeat the taxes due nor the assessment of such taxes. Therefore, the exception pursuant to 11 U.S.C. §523(a)(1)(c) does not apply.

  **WHEREFORE,** the Plaintiff, **Paul J. Coviello**, respectfully requests that the Court enter a judgment determining that the debts owed to the Defendant, **Commonwealth of Pennsylvania Department of Revenue**, for the tax years 2006 through 2008 are dischargeable debts that have been discharged in their entirety by virtue of this bankruptcy filing, plus that the Court grant such other and further relief as the Court deems just and proper.

## COUNT II - DECLARATORY RELIEF PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7001(9)

16. Plaintiff realleges paragraphs 1 through 8 as if fully set forth herein.

17. Pursuant to Federal Rule of Bankruptcy Procedure 7001(9), the Court may enter a declaratory judgment. The Plaintiff seeks a declaratory judgment as there is a pending controversy as to whether the 1040 taxes for the years 2006 through 2008, as specified in Count I above, are debts owed by the Plaintiff.

18. The Plaintiff is seeking a determination of discharge by the Court.

19. Accordingly, the Plaintiff seeks a declaratory judgment that all 1040 taxes for the years 2006 through 2008 have been discharged.

**WHEREFORE,** the Plaintiff, **Paul J. Coviello**, respectfully requests that the Court enter a judgment determining that the debts owed to the Defendants, **Commonwealth of Pennsylvania Department of Revenue**, are discharged in their entirety and/or are no longer owed by the Plaintiff whereby the Court would find that all 1040 taxes for the years 2006 through 2008 have been discharged, plus that the Court grant such other and further relief as the Court deems just and proper.

Dated this 13th day of August 2013.

        BRETT A. ELAM, ESQ.
        ATTORNEY AT LAW
        Attorney for Plaintiff
        105 S. Narcissus Avenue
        Suite 802
        West Palm Beach, FL 33401
        (561) 833-1113 (telephone)
        (561) 833-1115 (facsimile)

        By: /s/ Brett A. Elam
            BRETT A. ELAM
            Florida Bar No. 576808